OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Sentry Casualty Co. a/s/o Cumberland Truck Equip.

**DEFENDANTS** **Spray Products Corporation**

(b) County of Residence of First Listed ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys Kevin J. Hughes, Esquire & William N. Clark, Jr., Esquire
Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103 (215) 665-2000
(Firm Name, Address, and Telephone N umber)

Attorneys ______
Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

(Place an "X" in O ne Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 M arine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 M arine
- [ ] 345 Marine Product Liability
- [ ] 350 M otor Vehicle
- [ ] 355 M otor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [X] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence

Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 USC 1332

Brief description of cause: Subrogation matter as a result of a fire which took place on September 19, 2005

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $75,000+

CHECK YES only if demanded in complaint: **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 4/20/06 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA --- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Sentry Casualty Company a/s/o Cumberland Truck Equipment, 1800 North Point Drive, Stevens Point, WI 54481

Address of Defendant: Spray Products Corporation, 2 Race Street, Chester, PA 19015

Place of Accident, Incident or Transaction: Cumberland Truck Equipment, 5085 Route 220, Bedford, PA 15522
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE IF ANY*

Case Number: ________ Judge ________ Date Terminated: ________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

**CIVIL:** (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) ERISA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, William N. Clark, Jr., Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(cX2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/20/06 ____________ Attorney-at-Law 69739 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ________ ____________ Attorney-at-Law 69739 Attorney I.D.#

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Sentry Casualty Company, as subrogee of Cumberland Truck Equipment | : |
| v. | : CIVIL ACTION NO. |
| Spray Products Corporation | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. (☐)

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. (☐)

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. (☐)

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. (☐)

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (☐)

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (☒)

Date: 4/20/06

[signature]

William N. Clark, Jr., Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax: (215) 665-2013
Email: wclark@cozen.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SENTRY CASUALTY COMPANY,
as Subrogee of Cumberland Truck Equipment

Plaintiff,

v.

SPRAY PRODUCTS CORPORATION

Defendant

CIVIL ACTION NO.

TO: Spray Products Corporation
2 Race Street
Chester, PA 19015

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

Kevin J. Hughes, Esquire
William N. Clark, Jr., Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

An answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael E. Kunz, Clerk of Court

Date: ____________________

(By) DEPUTY CLERK

**RETURN OF SERVICE**

| Service of Summons and Complaint was made by me: | DATE |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______________________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______________________

☐ Returned unexecuted: ______________________________

☐ Other (specify): ______________________________

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
Contained in the Return and Statement of Service Fees is true and correct.

Executed on ____________ ______________________________
Signature of Server

______________________________
Address of Server

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SENTRY CASUALTY COMPANY,**<br>as subrogee of Cumberland Truck Equipment<br>1800 North Point Drive<br>Stevens Point, WI 54481<br><br>Plaintiff,<br><br>v.<br><br>**SPRAY PRODUCTS CORPORATION**<br>2 Race Street<br>Chester, PA 19015<br><br>Defendant. | : | CIVIL ACTION NO.<br><br>COMPLAINT<br>**JURY TRIAL DEMANDED** |

**PARTIES**

1. Plaintiff, Sentry Casualty Company ("Sentry"), as subrogee of Cumberland Truck Equipment ("Cumberland "), is a Wisconsin corporation with a principal place of business located at 1800 North Point Drive, Stevens Point, Wisconsin.

2. Defendant, Spray Products Corporation ("Spray Products), is a Pennsylvania corporation with a principal place of business located at 2 Race Street, Chester, Pennsylvania.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because defendant Spray Products resides in this judicial district.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Cumberland leased and occupied commercial and retail space located at 5085 Route 220, Bedford, Pa 15522.

6. On or about September 19, 2005, defendant Spray Products sold Cumberland Truck Corporation a pallet of Hot Shot starting fluid.

7. On October 11, 2005, the pallet of Hot Shot starting fluid leaked, causing a fire.

8. The fire caused extensive damage and destruction to Cumberland's real and personal property, caused revenue losses and caused Cumberland to incur expenses.

9. At the time of the fire, Sentry provided property damage and business interruption insurance to Cumberland.

10. Pursuant to the policy of insurance between Cumberland and Sentry, Sentry has reimbursed Cumberland for the damage and destruction caused by the fire.

11. To the extent of the payments made by Sentry to Cumberland, Sentry is subrogated to Cumberland's rights against Spray Products.

## COUNT I
## Strict Products Liability

12. Plaintiff incorporates by reference the allegations above as though fully set forth at length herein.

13. The fire and resulting damages described above were the result of the conduct of defendant Spray Products for which Spray Products is strictly liable in tort in:

a. supplying the Hot Shot starting fluid and its associated containers and packaging in a defective condition that rendered it unreasonably dangerous;

b. supplying a defectively designed and manufactured product;

c. supplying the Hot Shot starting fluid and its associated containers and packaging in a condition that rendered it unfit for its unfit for the particular purpose for which it was intended;

d. supplying the Hot Shot starting fluid without adequate, necessary and appropriate safeguards, protective devices, warnings and instructions;

e. improperly designing, engineering, manufacturing, assembling, testing, distributing and selling the Hot Shot starting fluid and its associated containers and packaging, so as to cause the leak;

f. designing, engineering, manufacturing, assembling, testing, distributing and selling the Hot Shot starting fluid and its associated containers and packaging with materials that were not suitable;

g. packaging the Hot Shot starting fluid in a defective and unreasonably dangerous condition;

14. The fire and resulting damages were proximately caused by the aforesaid condition of Spray Products' Hot Shot starting fluid for which Spray Products is strictly liable in tort.

WHEREFORE, plaintiff demands judgment in its favor against defendant along with costs, interest and other relief.

**COUNT II**
**Negligence**

15. Plaintiff incorporates by reference the allegations contained above as though fully set forth at length herein.

16. The fire and resulting damages were proximately caused by the negligence, carelessness, and recklessness of Spray Products, in:

a. supplying the Hot Shot starting fluid and its associated containers and packaging in a defective condition that rendered it unreasonably dangerous;

b. supplying a defectively designed and manufactured product;

c. supplying the Hot Shot starting fluid and its associated containers and packaging in a condition which rendered it unfit for its ordinary use and the particular purpose for which it was intended;

d. supplying the Hot Shot starting fluid without adequate, necessary and appropriate safeguards, protective devices, warnings and instructions;

e. improperly designing, engineering, manufacturing, assembling, testing, distributing and selling the Hot Shot starting fluid and its associated containers and packaging, so as to cause the leaks;

f. designing, engineering, manufacturing, assembling, testing, distributing and selling the Hot Shot starting fluid and its associated containers and packaging with materials that were not suitable;

g. failing to properly package the Hot Shot starting fluid;

h. failing to properly inspect and test the packaging for the Hot Shot starting fluid;

i. otherwise failing to exercise due care under the circumstances.

17. Spray Products' aforesaid negligence proximately caused the fire and resulting damages.

WHEREFORE, plaintiff demands judgment in its favor against defendant along with costs, interest and other relief.

## COUNT III
## <u>Breach of Warranty</u>

18. Plaintiff incorporates by reference the allegations contained above as if though fully set forth at length herein.

19. Defendant Spray Products impliedly and expressly warranted its Hot Shot starting fluid would be free from defects and safe for its intended purposes and would be merchantable.

20. Defendant Spray Products breached its implied and express warranties.

21. Defendant Spray Products' breaches of its implied and express warranties directly and proximately caused the fire and resulting damages.

WHEREFORE, plaintiff demands judgment in its favor against defendant along with costs, interest and other relief.

Dated: 4-14-06

COZEN O'CONNOR

BY: ____________________

KEVIN J. HUGHES, ESQUIRE (PA 50238)
WILLIAM N. CLARK, JR., ESQUIRE (PA 69739)
The Atrium
1900 Market Street
Philadelphia, PA 19103
215-665-2000
Fax: 215-665-2013
Email: khughes@cozen.com
wclark@cozen.com