IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SENTRY CASUALTY COMPANY :
as subrogee of :
CUMBERLAND TRUCK EQUIPMENT :
  :
        Plaintiff, : CIVIL ACTION
  :
    v. : No. 06-cv-1664
  :
SPRAY PRODUCTS CORPORATION :
  :
        Defendant, :
  :
    v. :
  :
CARL F. ROWSER AND :
CAROL ROWSER :
  :
        Third Party Defendants. :

FILED
JAN 2 3 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM AND ORDER

Joyner, J.                                                   January 22, 2008

Presently before the Court is Third Party Defendants Carl F. and Carol Rowser's (the "Rowsers") Motion for Summary Judgment ("TPD Mot.") (Doc. No. 37), Defendant Spray Products Corporation's Response ("D. Resp.") (Doc. No. 64) and the Rowsers' Reply ("TPD Rep.") (Doc. No. 69). For the reasons set forth below, the Court GRANTS the motion of Third Party Defendants Carl F. And Carol Rowser.

BACKGROUND

This lawsuit arises out of a fire which occurred on October 11, 2005 at a property in Bedford, Pennsylvania owned by Third Party Defendants the Rowsers and leased to Cumberland Truck Equipment Company ("Cumberland"). The Rowsers are insured by a policy issued by Nationwide Insurance Company ("Nationwide") and Cumberland is insured by Sentry Casualty Company ("Sentry"). Nationwide and Sentry filed separate actions against Spray Products Corporation ("Spray Products"), which were subsequently consolidated, to recover the amounts paid to their respective insureds.

Cumberland is a warehouse distributor of truck parts, operating at several locations in Pennsylvania. Spray Products manufactures, distributes and sells various aerosol products, including a product called "Hot Shot". Hot Shot is used in cold weather conditions to assist trucks in starting their engines.

Over the years, Spray Products supplied Cumberland with pallets of Hot Shot, including a pallet delivered to Cumberland at the Bedford warehouse on September 19, 2005. On October 11, 2005, several Cumberland employees noticed a burning smell and attempted to investigate the cause. After an employee opened a garage door, an explosion occurred and fire was observed coming from the top of a pallet of Hot Shot. The employees evacuated the warehouse and the building was subsequently destroyed.

Plaintiffs Nationwide and Sentry claim, under theories of

strict products liability, negligence and breach of warranty that Hot Shot, manufactured by Spray Products, was the proximate cause of the fire. Spray Products subsequently filed a Third Party Complaint against the Rowsers alleging liability on their part under theories of negligence and indemnity and/or contribution.

## STANDARD OF REVIEW

It is recognized that the underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). Summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Id., quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998). In conducting our review, we view the record in the light most favorable to the

non-moving party and draw all reasonable inferences in that party's favor. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). However, there must be more than a "mere scintilla" of evidence in support of the non-moving party's position to survive the summary judgment stage. Anderson, 477 U.S. at 252.

## DISCUSSION

In its Third Party Complaint Against the Rowsers, Defendant Spray Products avers that should Plaintiffs prove at trial that they are entitled to recover damages, such damages are the sole, direct, and proximate cause of negligence on the part of the Rowsers because they: 1) failed to employ reasonable and necessary fire prevention measures at the property; 2) failed to employ reasonable and necessary equipment at the property to extinguish fires; 3) failed to properly maintain equipment located on the property, including but not limited to electrical fans and/or other electrical equipment affixed to or located on or within the structure located on the property; 4) failed to comply with applicable requirements regarding the storage of aerosol products; and 5) failed to adequately maintain the property. (Compl. at ¶ 9).

Alternatively, Spray Products plead a claim for indemnity and/or contribution against the Rowsers should Spray Products be found liable to Plaintiffs in any amount. Id. at ¶ 10.

Spray Products has acknowledged that its expert witnesses

eliminated an electric fan (a fixture on the property) as a cause of the fire. (D. Resp. at 7). As such, Spray Products no longer claims that it can prove that the Rowsers are liable to Plaintiff based upon this claim. Id. at 7-8. Accordingly, no genuine issue of fact presently exists with regard to this claim.

Spray Products continues to assert, however, that there is sufficient evidence in the record to demonstrate that the Rowsers were negligent for failing to adequately maintain the property in the other ways enumerated in their complaint.

The Rowsers contend that there is no factual evidence in the record to construe liability against them because they were landlords out of possession at the time of the October 2005 fire. Therefore, summary judgment should issue in their favor. Spray Products, however, asserts that summary judgment is inappropriate because the record adequately shows that the Rowsers retained control over the property, an acknowledged exception under Pennsylvania law to the landlord out of possession standard on liability. Thus, because they retained control over the property, they were obligated to implement certain fire precautions due to the flammable nature of the items that Cumberland stored.

Landlords out of possession are generally not liable for harm incurred on the property by the lessee. Dinio v. Goshorn, 270 A. 2d 203, 206 (Pa. 1969). This is premised on the theory that leases are treated as sales of land for the duration of the

lease. <u>Deeter v. Dull Corp., Inc.</u>, 617 A.2d 336, 339 (Pa. Super. 1992). The rule, however, is subject to certain exceptions and a landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises, (2) if the demised premises are so dangerously constructed that the premises are a nuisance per se, (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee, (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee, (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs, or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises. <u>Henze v. Texaco, Inc.</u>, 508 A. 2d 1200, 1202 (Pa. Super. 1986). (citations omitted).

**Control of Premises**

The first exception applies when a landlord retains actual control over a defective portion of the demised premises. <u>Henze</u>, 508 A. 2d at 1202. Courts have applied this exception in instances where a landlord has reserved, by way of maintenance obligations, control over the portion of the premises at issue. <u>Smith v. M.P.W. Realty Co.</u>, 225 A. 2d 227, 229 (Pa. 1967).

Spray Products asserts that the Rowsers retained control of the premises in several ways: 1) through a provision in the lease agreement stating that the Rowsers, as landlords, were responsible for "major structural repairs"; 2) by Carl Rowser visiting and observing the facility on several occasions as both a customer and to collect rent payments; and 3) through Carl Rowser's performance of repair work at the facility. (D. Resp. at 64 at 5-6).

Spray Products alleges that these actions, when taken together, adequately demonstrate that the Rowsers retained control of the premises despite their formal status as landlords out of possession. Further, Spray Products claims that because they retained such control, the Rowsers were obligated to take certain precautions at the facility, including: 1) installing a sprinkler or other fire prevention system in accordance with National Fire Protection Association ("NFPA") code requiring aerosol products of substantial net weight to be stored in a particular manner; and 2) creating the necessary partitions, floors and ceiling to separate Hot Shot from other areas in the building. Spray Products claims that because the Rowsers failed to take these precautions, the damage to the facility and its contents was substantially increased.

Spray Products reliance on Smith in support of its position is misplaced as the Rowsers did not retain control, by way of maintenance or repair rights, of the portion of the warehouse

implicated by the fire. While the Rowsers were obligated under the lease to make major structural repairs, they reserved no additional right under the agreement to instruct Cumberland regarding the layout of the warehouse or on how to store items once Cumberland began occupying the building. Further, there was no provision in the lease requiring the Rowsers to install any additional items to accommodate Cumberland's business needs.

The obligation to make major structural repairs cannot be read to suggest that the Rowsers were responsible for addressing the manner in which items should be stored once they were delivered to Cumberland from outside vendors. Furthermore, the lease includes no additional language authorizing the Rowsers unfettered access to inspect the facility. Carl Rowser testified that he only performed repairs at the facility when called upon by someone at Cumberland. (D. Resp., Exh. A at 25-6). The work that Mr. Rowser performed over the years was limited to structural repairs of the roof, pipes, loading door and lighting system, none of which addressed the layout of the building. Id. at 26, 28.

The fact that Carl Rowser visited the facility on occasion as a customer and to collect rent does not adequately demonstrate that he was aware, or should have been aware, of how the pallets of Hot Shot were being stored. However, even if Mr. Rowser had been aware of how the items were stored, he was neither obligated nor authorized by the lease to dictate how Cumberland maintained

the storage area. To the extent that there should have been partitions to separate Hot Shot and like items from other areas in the warehouse, Cumberland was authorized under the lease to make those changes. The lease permitted Cumberland to alter or modify the premises to "suit its needs" and, at the time Cumberland took possession of the property, it acknowledged that the premises were "in fit condition for use by lessee as intended." Lease at §§ 2.4 and 5. Furthermore, with regard to fire, the lease explicitly states: "Lessee covenants to use every reasonable precaution to protect against fire and other casualty." Id. at § 11.1. This provision undoubtedly speaks to Cumberland's responsibility to properly store flammable items such as Hot Shot.[1]

As there is insufficient evidence in the record from which a reasonable jury could infer that the Rowsers retained control as landlords out of possession, summary judgment must be granted in their favor. An order follows.

---

[1] Because Spray Products has failed to provide sufficient facts demonstrating that the Rowsers retained control of the premises, the Rowsers cannot have been additionally required to comply with NFPA or Pennsylvania codes regulating the proper storage of flammable products such as Hot Shot. (Doc. No. at 4-5).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENTRY CASUALTY COMPANY<br>as subrogee of<br>CUMBERLAND TRUCK EQUIPMENT<br><br>  Plaintiff,<br><br>  v.<br><br>SPRAY PRODUCTS CORPORATION<br><br>  Defendant,<br><br>  v.<br><br>CARL F. ROWSER AND<br>CAROL ROWSER<br><br>  Third Party Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION<br>:<br>: No. 06-cv-1664<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

FILED
JAN 2 3 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### ORDER

AND NOW, this 22nd day of January 2008, upon consideration of Third Party Defendants Carl F. and Carol Rowser's Motion for Summary Judgment, and all responses thereto, Third Party Defendants' motion is GRANTED.

BY THE COURT:

_____
J. CURTIS JOYNER, J.